# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NORMA WRAY | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2785-S |
| | § | |
| HOME DEPOT USA, INC. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Home Depot USA, Inc.'s ("Defendant") Motion to Dismiss ("Motion to Dismiss") Plaintiff's First Amended Complaint and Jury Demand [ECF No. 12] and Plaintiff's Motion for Leave to File the Second Amended Complaint ("Motion for Leave") [ECF No. 19]. For the reasons stated below, the Court **GRANTS** the Motion to Dismiss and **GRANTS** in part and **DENIES** in part the Motion for Leave without prejudice.

### I. BACKGROUND

This action arises out of Plaintiff Norma Wray's ("Plaintiff") employment with Defendant as a cashier. First Am. Compl. ¶ 5. During Plaintiff's assigned shift on March 29, 2018, she was taken into a room with an unidentified woman and Brian Gardner, who identified himself as the asset control manager. *Id.* Gardner accused Plaintiff of theft and asked her to sign a statement admitting to theft. *Id.* According to Plaintiff, she refused to sign because she was innocent. *Id.* Gardner proceeded to show Plaintiff a video, which Plaintiff claims did not prove the alleged theft. *Id.* Plaintiff asked to see the video again, but Gardner refused. *Id.* Two police officers appeared. *Id.* The store manager, Jonathan Shields, then entered the room and stated that Plaintiff was terminated. *Id.* Shields also refused to let Plaintiff see the video again. *Id.* Plaintiff denied the theft in writing and then went home. *Id.* After Plaintiff went home, she called Sophia Oatman, the cashier supervisor. *Id.* On the call, Plaintiff claims that Oatman said, "Norma, I know you did not steal from here." *Id.*

Approximately one week later, Detective Stevenson of the Richardson Police Department called Plaintiff and stated that he had a warrant for her arrest. *Id.* Plaintiff claims that Defendant had "maliciously" pressed charges, even though, according to Plaintiff, Oatman knew Plaintiff was innocent. *Id.* Plaintiff turned herself in and was subsequently booked into jail, strip searched, and eventually released on bail. *Id.* Plaintiff hired a criminal attorney and the charges were later dismissed. *Id.*

Based on the foregoing allegations, Plaintiff instituted this action alleging false imprisonment. Defendant filed the pending Motion to Dismiss, which is now ripe and before the Court.

## II.     LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level

. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.  ANALYSIS

"To establish the intentional tort of false imprisonment, a plaintiff must plead and prove that the defendant: (1) willfully detained him; (2) without his consent; and (3) without legal authority or justification." *Broadnax v. Kroger Texas, L.P.*, No. 05-04-01306-CV, 2005 WL 2031783, at *8 (Tex. App.—Dallas Aug. 24, 2005, no pet.) (mem. op.) (citing *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995)). Plaintiff appears to assert two claims for false imprisonment. *See* First Am. Compl. ¶ 5-6. The Court will address each claim separately.

#### A.  *False Imprisonment in Home Depot Store*

Plaintiff's first claim of false imprisonment stems from her allegation that she was taken into a room during her March 29, 2018 assigned shift at Home Depot and accused of theft. *Id.* ¶ 5. The dispute over the first claim centers on the first and third elements. With respect to the first element, "a detention may be accomplished by violence, threats, or any other means that restrains or wrongfully interferes with a person's freedom." *Broadnax*, 2005 WL 2031783, at *8 (citing *Randall's Food Markets*, 891 S.W.2d at 644-45). But "where a plaintiff voluntarily complies with a simple request to remain and establish his or her innocence, no cause of action for false imprisonment arises." *Id.* (citations omitted). Moreover, a plaintiff is not restrained when she is free to leave. *See Safeway Stores, Inc. v. Amburn*, 388 S.W.2d 443, 444-46 (Tex. Civ. App.—Fort

Worth 1965, no pet.) (finding no false imprisonment when employee was interviewed for 30 or 40 minutes, was not told he had to remain, was not threatened, and was free to leave). In this case, Plaintiff does not allege that she was physically restrained or threatened. *See* First Am. Compl. ¶ 5. Rather, Plaintiff alleges that Gardner accused her of theft, asked her to sign a document admitting to theft, and showed her a video. *Id.* In response, Plaintiff repeatedly asked to watch the video again, denied in writing that she committed theft, and went home.[1] *Id.* Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff was not willfully detained because she was not physically restrained or threatened, she voluntarily remained to assert her innocence, she was free to leave—and she did, in fact, leave. *Broadnax*, 2005 WL 2031783, at *8; *Safeway Stores*, 388 S.W.2d at 446.

With respect to the third element, "if the alleged detention was performed with the authority of law, then no false imprisonment occurred." *Cuellar v. Walgreens Co.*, No. 13-00-594-CV, 2002 WL 471317, at *2 (Tex. App.—Corpus Christi Mar. 28, 2002, no pet.) (citing *Wal-Mart Stores, Inc. v. Cockrell*, 61 S.W.3d 774, 777 (Tex. App.—Corpus Christi Nov. 29, 2001, no pet.)). "The plaintiff must prove the absence of authority in order to establish the third element of a false-imprisonment cause of action." *Id.* (citing *Cockrell*, 61 S.W.3d at 777). "[A]n employer has a common-law privilege to investigate reasonably credible allegations of employee dishonesty."

---

[1] Plaintiff also alleges that two police officers arrived after Gardner accused her of theft. First Am. Compl. ¶ 5. However, police presence, without more, is not enough to support a false imprisonment claim. *Wilson v. Wal-Mart Stores*, No. 14-97-00928-CV, 1999 WL 694712, *2-3 (Tex. App.—Houston [14th District] Sept. 9, 1999, no pet.) (not designated for publication) (finding no false imprisonment when employee was accused of theft, the police were called, employee was told she should wait for their arrival, and she was arrested); *see also Shaw v. Dillard Dept. Stores*, No. CIV.A. 3:99–CV–1291, 2000 WL 1577088, *1-3 (N.D. Tex. Oct. 23, 2000) (finding no false imprisonment when employee was taken to a room and accused of theft while two off-duty police officers who worked as employer's security guards were standing in the doorway of their offices nearby); *Rerich v. Lowe's Home Centers, Inc.*, No. 01-05-01165-CV, 2007 WL 1412881 (Tex. App.—Houston [1st Dist.] May 10, 2007, no pet.) (citations omitted) ("[T]hreats of future action, such as to call the police and have the plaintiff arrested, are not ordinarily sufficient in themselves to effect an unlawful imprisonment, and instead require other events occurring at the same time, such as extended interrogation and intimidation.").

*Palacios v. Ramos*, No. 04-04-00780-CV, 2006 WL 332537, at *6 (Tex. App.—San Antonio Feb. 15, 2006, no pet.) (mem. op.) (citing, among other authorities, *Randall's Food Mkts.*, 891 S.W.2d at 644). Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has not pleaded sufficient facts to show that Defendant acted without authority of law. After Plaintiff was escorted to a room during her assigned shift, Gardner accused Plaintiff of theft and showed her a video. First Am. Compl. ¶ 5. Although the parties dispute whether the video footage supported the theft allegation, *compare* Mot. 9, *with* First. Am. Compl. ¶ 5, Plaintiff does not allege facts indicating that Defendant acted outside the scope of its common-law privilege to investigate reasonably credible allegations of employee dishonesty. *See Cuellar*, 2002 WL 471317, at *1-3 (finding that employee did not raise a fact issue that employer acted without authority of law when employer took employee to a room, accused her of stealing store merchandise, and interviewed her for over an hour). Viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim for false imprisonment in the Home Depot store and, consequently, grants the Motion to Dismiss as to this claim.

### B. *Instigation of False Imprisonment*

Plaintiff's second claim for false imprisonment stems from her allegation that Home Depot pressed charges against Plaintiff for the alleged theft, even though, according to Plaintiff, Oatman knew she was innocent. First Am. Compl. ¶ 5. In Texas, "those who request or direct" a plaintiff's detention may be held liable for false imprisonment. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 507 (Tex. 2002). "False imprisonment's first element may thus be satisfied by conduct that is intended to cause one to be detained, and in fact causes the detention, even when the actor does not participate in the detention." *Id.* (noting that this causation standard is referred to as the "instigation" of the false imprisonment) (citations omitted). "When the alleged detention results from an unlawful arrest, to prove instigation a plaintiff must show that the defendant clearly

5

directed or requested the arrest." *Id.* (citations omitted). "A private citizen who merely reports a crime and identifies the suspect to law enforcement" will not be liable for instigating false imprisonment, but "may be liable for instigating an unlawful arrest if he *knowingly* provides false information to law enforcement authorities resulting in the arrest." *Id.* at 507-09 (emphasis added).

In this case, the Court finds that Plaintiff has failed to allege sufficient facts to establish the first element of false imprisonment. Plaintiff has not alleged any facts to show that Defendant requested or directed Plaintiff's arrest, or that Defendant made specific fraudulent statements to the Richardson Police Department.[2] *Wal-Mart Stores, Inc.*, 92 S.W.3d at 507. *See also Goodarzi v. Hartzog*, Civil Action No. H-12-2870, 2013 WL 3110056, *14 (S.D. Tex. June 14, 2013) ("To extend false arrest liability to private citizens reporting a crime, a plaintiff must allege that the defendants made specific fraudulent statements.").

In addition, the Court finds that Plaintiff has failed to plead sufficient facts to establish the third element of false imprisonment.[3] "When the plaintiff is arrested or detained by a warrant or subpoena, the arrest or detention is presumed to have been made with legal authority." *Bailey v. Price*, No. 2:03CV457, 2006 WL 568233, at *12 (E.D. Tex. Mar. 6, 2006) (citing *Plummer v. Harrison*, 540 S.W.2d 835, 836 (Tex. App.—Texarkana 1976, writ ref'd n.r.e.)). Here, given that Plaintiff was arrested pursuant to a warrant, the arrest is presumed to have been made with legal

---

[2] Plaintiff claims that Defendant pressed charges against Plaintiff in spite of Oatman's belief that Plaintiff was innocent. First Am. Compl. ¶ 5. However, even if true, these facts are not sufficient to infer that Defendant knowingly provided false information to law enforcement because Oatman was not present when Plaintiff was accused of theft and Plaintiff has not alleged that Oatman told anyone else at Home Depot that she thought Plaintiff was innocent. *See id.* ¶ 5; *Ferrer*, 484 F.3d at 780 (citation omitted) (noting that courts do not accept unwarranted factual inferences as true).

[3] With respect to the second element of false imprisonment, Defendant argues that Plaintiff's detention was made with consent because she elected to turn herself into the police when she was told that they had a warrant for her arrest. Mot. 7 (citing *Pierson v. Ray*, 352 F.2d 213, 220 (5th Cir. 1965), *aff'd in part, rev'd in part*, 386 U.S. 547 (citations omitted) ("One who has invited or consented to arrest and imprisonment should be denied recovery [for false imprisonment]."). However, given that Plaintiff has failed plead sufficient facts to establish the first and third elements of false imprisonment, the Court does not need to decide whether Plaintiff consented to the arrest.

authority. *Bailey*, 2006 WL 568233, at *12 (finding that plaintiff's claim for false imprisonment failed when he was indicted and arrested pursuant to a warrant). Viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim for instigation of false imprisonment and, consequently, grants the Motion to Dismiss as to this claim.

### C.     *Motion for Leave*

The Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Leave. The Court **GRANTS** Plaintiff's request for leave to amend. However, Plaintiff's proposed Second Amended Complaint and Jury Demand ("Second Amended Complaint"), *see* ECF No. 20, does not address the pleading deficiencies discussed in this Order. Therefore, the Court **DENIES** Plaintiff's request for the Clerk to file the proposed Second Amended Complaint submitted concurrently with the Motion for Leave. Plaintiff shall file an amended complaint by August 17, 2020.

### IV.     CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to Dismiss. The Court **GRANTS** in part and **DENIES** in part the Motion for Leave. Plaintiff shall have until **August 17, 2020** to file an amended complaint. If an amended complaint is not filed by **August 17, 2020**, Plaintiff's claims will be dismissed with prejudice.

**SO ORDERED.**

SIGNED July 16, 2020.

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**