# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NORMA WRAY § | |
| § | |
| v. § | CIVIL ACTION NO. 3:19-CV-2785-S |
| § | |
| HOME DEPOT U.S.A., INC. § | |

### **MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint and Jury Demand ("Second Motion to Dismiss") [ECF No. 24]. For the reasons discussed below, the Court **GRANTS** the Second Motion to Dismiss.

## I.   PROCEDURAL BACKGROUND

Plaintiff Norma Wray ("Plaintiff" or "Wray") filed this action against Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") alleging claims for violation of Title VII of the Civil Rights Act of 1964, violation of the Age Discrimination in Employment Act of 1967, and false imprisonment. Compl. & Jury Demand ("Complaint") [ECF No. 1]. At that time, Plaintiff asserted that the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Comp. 1-2. Plaintiff subsequently filed the First Amended Complaint and Jury Demand ("First Amended Complaint") [ECF No. 9], dropping the federal claims, but reasserting the false imprisonment claim. *See* First Am. Compl. ¶ 6. Plaintiff now asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the parties are diverse and the amount in controversy exceeds $75,000, which Defendants do not dispute. First Am. Compl. 1 (pleading that Plaintiff is a citizen of Texas, Defendant is a Delaware corporation with a principal place of business in Georgia, and the amount in controversy exceeds $75,000).

The Court previously addressed Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint and Jury Demand ("First Motion to Dismiss") [ECF No. 12] and Plaintiff's Motion for Leave to File the Second Amended Complaint ("Motion for Leave") [ECF No. 19]. *See Wray v. Home Depot U.S.A., Inc.*, Civil Action No. 3:19-cv-2785-S, 2020 WL 4043053 (N.D. Tex. July 16, 2020) ("Prior Opinion"). In the Prior Opinion, the Court found that Plaintiff's First Amended Complaint failed to state a claim, and that Plaintiff's proposed Second Amended Complaint did not address the pleading deficiencies identified by the Court. *Wray*, 2020 WL 4043053, at *4. The Court, therefore, granted the First Motion to Dismiss and denied the Motion for Leave, but granted leave to replead. *Id.*, at *4. Plaintiff subsequently filed the Third Amended Complaint and Jury Demand ("Third Amended Complaint") [ECF No. 23].

## II. FACTUAL BACKGROUND

This action arises out of Plaintiff's employment as a Home Depot cashier. Third Am. Compl. ¶¶ 5, 13. During Plaintiff's assigned shift on March 29, 2018, Plaintiff was taken to a room with an unidentified woman and Brian Gardner ("Gardner"), who told Plaintiff he was the asset control manager. *Id.* ¶ 5. According to Plaintiff, Gardner accused Plaintiff of theft, showed Plaintiff a video that Plaintiff claims did not prove the alleged theft, and asked Plaintiff to sign a statement admitting to theft. *Id.* Plaintiff contends that she refused to sign the statement because she was innocent and asked Gardner to re-play the video, which he refused. *Id.* Plaintiff asserts she was not free to leave and was restrained without her consent. *Id.* In Plaintiff's words, the meeting "was the equivalent of a kidnapping." *Id.*

Plaintiff claims two police officers "showed up" because they had been told Plaintiff committed theft. *Id.* The store manager, Jonathan Shields, entered the room and terminated Plaintiff. *Id.* He also refused to re-play the video. *Id.* Plaintiff states that she denied in writing that she had committed theft and went home. *Id.* Later, Plaintiff called Sophia Oatman

2

("Oatman"), the cashiers supervisor, and told Oatman she did not steal anything. *See id.* In response, Plaintiff maintains that Oatman said, "*I know you did not steal from here.*" *Id.* (emphasis in original).

Approximately one week later, Plaintiff claims Detective Stevenson of the Richardson Police Department called, indicating he had a warrant for her arrest. *Id.* According to Plaintiff, Defendant "maliciously pressed charges in spite of the fact that Sophia Oatman knew that [Plaintiff] was innocent." *Id.* Plaintiff voluntarily turned herself in and asserts she was booked into jail, strip searched, and fingerprinted. *See id.* Plaintiff was released on bail and states she hired a criminal attorney "who got the charges dismissed." *Id.* Based on these allegations, Plaintiff asserts a false imprisonment claim and accuses Defendants of requesting or directing her arrest. *Id.* ¶ 13.

### III.  LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation

3

of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## IV.   ANALYSIS

In Texas, the essential elements of false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002) (citing *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985)). Liability extends not only to those who willfully participate in the false imprisonment, but also to those who instigate a detention. *Id.* at 507. Plaintiff appears to assert two claims for false imprisonment: (1) false imprisonment in the Home Depot store; and (2) instigation of false imprisonment. *See* Third Am. Compl. ¶ 13.

As an initial matter, the Court notes that in response to the Second Motion to Dismiss, Plaintiff does not address *any* of Defendant's legal arguments or defenses. *See generally* Substituted Resp. of Norma Wray to the Mot. of Home Depot USA, Inc. to Dismiss Wray's Third Am. Compl. & Jury Demand ("Response") [ECF No. 27].[1] Rather, without citing any authority

---

[1] Defendant argues that the Court should not consider Plaintiff's Response because it was untimely. Reply 2-3. Defendant also argues that the warrant attached to Plaintiff's Response should not be considered because "it is not integral and central to Plaintiff's Claim." *Id.* at 1. Because the Court resolves this matter on other grounds, the Court need not resolve these arguments.

4

supporting her false imprisonment claims, Plaintiff asserts in a conclusory fashion that "there is no question" the Third Amended Complaint meets the federal pleading standards. *See id.* ¶ 5.

Plaintiff's failure to pursue her claims beyond the Third Amended Complaint suggests she has abandoned them. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (citing *Vela v. City of Hous.*, 276 F.3d 659, 679 (5th Cir. 2001)) (observing that plaintiff failed to defend her retaliatory abandonment claim in both responses to defendant's motion to dismiss and concluding that plaintiff's failure to pursue this claim beyond her complaint constituted abandonment); *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1016 (N.D. Tex. 2013) (observing that plaintiff's response to motion to dismiss failed to address defendant's contentions regarding Plaintiff's False Claims Act claim and that such failure constituted abandonment of the claim). Even if Plaintiff did not abandon her false imprisonment claims, they fail as a matter of law.

### A. *False Imprisonment in Home Depot Store*

The first claim for false imprisonment arises from Plaintiff's allegation that she was taken to a room during her March 29, 2018 assigned shift at Home Depot and accused of theft. Third Am. Compl. ¶ 5. With respect to the first claim, the parties dispute the first and third false imprisonment elements. Second Mot. to Dismiss 5.

#### (1) *Willful Detention*

"A detention may be accomplished by violence, by threats, or by any other means that restrains a person from moving from one place to another." *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644-45 (Tex. 1995) (citation omitted). If a plaintiff alleges that the false imprisonment was accomplished by a threat, the plaintiff must demonstrate that the threat "would inspire in the threatened person a just fear of injury to her person, reputation, or property." *Id.* at 645 (citation omitted). In considering whether a person was so threatened, a court may consider

5

"the relative age, size, sex, and physical demeanor of the participants to determine whether such threats are sufficient to overcome the plaintiff's free will." *See Oramulu v. Wash. Mut. Bank*, 699 F. Supp. 2d 898, 911 (S.D. Tex. 2009). Courts may also consider the length of the interview, whether the plaintiff was prevented from leaving, and whether the plaintiff was told to remain in the interview area. *Id.*

Here, Plaintiff does not allege that she was physically restrained, nor does she allege that she was threatened. *See* Third. Am. Compl. ¶ 5. Rather, Plaintiff relies on several conclusory assertions. *See id.* ("Wray was not free to leave this meeting. It was the equivalent of a kidnapping by the agents of Home Depot. Wray was restrained without her consent."). Because these conclusory assertions lack factual support, they are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The remaining factual allegations—that Plaintiff was taken to a room during her assigned shift and accused of theft—do not establish willful detention. Plaintiff does not state the length of the interview, but she alleges no facts indicating that it was excessive. *See Rerich v. Lowe's Home Ctrs., Inc.*, No. 01-05-01165-CV, 2007 WL 1412881, at *1, 4 (Tex. App. – Houston [1st Dist.] 2007) (two and one-half to three hour meeting in which employee, who was accused of stealing from cash register, discussed what happened, reviewed register receipts and security video, wrote two statements, signed a promissory note, and completed an exit interview was not excessive). Plaintiff does not allege that the interview room door was locked, she was physically restrained from leaving, she asked to leave, or she was told to remain. *See Safeway Stores, Inc. v. Amburn*,

6

388 S.W.2d 443, 445-46 (Tex. App. – Fort Worth 1965, no writ) (finding employee accused of theft was not falsely imprisoned when he was interrogated for 30 or 40 minutes in a secluded aisle at back of store, he did not ask to leave, he did not attempt to depart, he was not told to remain, and no threats were made to detain him); *Rerich*, 2007 WL 1412881, at *3 (finding summary judgment evidence defeated willful detention element when there was no evidence that door to office where employee was questioned was locked, she was never physically prevented from leaving, she was told she was free to leave, and she never asked to leave); *Hernandez v. Lasko Prods., Inc.*, No. 3:11-cv-1967-M, 2012 WL 4757898, at *8 (N.D. Tex. Oct. 5, 2012) ("[A] person cannot be willfully detained without physical restraint, threat of restraint, or a threat of any kind."). Nor does Plaintiff assert that the size, physical demeanor, or behavior of any of the participants was threatening. *See Oramulu*, 699 F. Supp. 2d at 911.

In fact, rather than ask to leave, by Plaintiff's own admission, she asked repeatedly to watch the video footage again, denied in writing that she had committed theft, and went home. *See* Third Am. Compl. ¶ 5. Based on these facts, it appears Plaintiff voluntarily remained to assert her innocence. *See Broadnax v. Kroger Texas, L.P.*, No. 05-04-01306-CV, 2005 WL 2031783, at *8 (Tex. App – Dallas 2005) (noting that no cause of action for false imprisonment arises when a plaintiff voluntarily complies with a simple request to remain and establish his or her innocence).

Although Plaintiff contends that two police officers "showed up," she does not allege that they entered the room where the interview was held, blocked the doorway, physically touched her, physically blocked her from leaving, or threatened her. *See* Third Am. Compl. ¶ 5. Police presence, without more, does not support willful detention. *See Hammad v. Dynamo Stadium, LLC*, Civil Action No. H-14-1938, 2015 WL 6965215, at *15 n.24 (S.D. Tex. Nov. 10, 2015) ("Although Plaintiff's briefing and testimony imply that she felt intimidated by the presence of

security personnel, she does not attest to any actionable threat or restraint."); *Wilson v. Wal-Mart Stores*, No. 14-97-00928-CV, 1999 WL 694712, *1-3 (Tex. App. – Houston [14th Dist.] Sept. 9, 1999, no pet) (finding no false imprisonment when employee was accused of theft, the police were called, employee was told she should wait for their arrival, and she was arrested); *Shaw v. Dillard Dept. Stores*, No. Civ. A. 3:99-cv-01291, 2000 WL 1577088, *1-3 (N.D. Tex. Oct. 23, 2000) (finding no false imprisonment when employee was taken to a room and accused of theft while two off-duty police officers who worked as employer's security guards were standing in the doorway of their offices nearby); *see also Rerich*, 2007 WL 1412881, at *3 (citations omitted) ("[T]hreats of future action, such as to call the police and have the plaintiff arrested, are not ordinarily sufficient in themselves to effect an unlawful imprisonment, and instead require other events occurring at the same time, such as extended interrogation and intimidation."). Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has not pleaded sufficient facts to show that she was willfully detained.

### (2) *Without Authority of Law*

If a detention was performed with authority of law, no false imprisonment occurred. *See Wal-Mart Stores, Inc. v. Resendez*, 962 S.W.2d 539, 540 (Tex. 1998) (citing *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985)). It is the plaintiff's burden to prove the absence of authority. *See Sears, Roebuck & Co.*, 693 S.W.2d at 376. An employer has a common-law privilege to investigate reasonably credible allegations of employee dishonesty. *Cuellar v. Walgreens Co.*, No. 13-00-594-CV, 2002 WL 471317, at *2 (Tex. App. – Corpus Christi 2002, no pet.) (citing *Randall's*, 891 S.W.2d at 644).

Plaintiff does not allege any facts suggesting that Defendant acted outside the scope of its common-law privilege to investigate reasonably credible allegations of employee dishonesty. Although the parties dispute whether Defendant's video footage proved the alleged theft, *compare*

8

Third Am. Compl. ¶ 5, *with* Second Mot. to Dismiss 7, Plaintiff does not address Defendant's common-law privilege, or otherwise allege any facts indicating that Defendant acted outside the scope of its common-law privilege.[2] *See generally* Third Am. Compl. *See also Cuellar*, 2002 WL 471317, at *1-3 (finding employee did not raise a fact issue that employer acted without authority of law when employer took employee to a room, accused her of stealing store merchandise, and interviewed her for over an hour); *Palacios v. Ramos*, No. 04-04-00780-CV, 2006 WL 332537, at *1, 6-7 (Tex. App. – San Antonio 2006, no pet.) (mem. op.) (affirming summary judgment in employer's favor with respect to the "without authority of law" element when employer accused employee of stealing a money bag and interviewed employee for approximately five hours regarding the missing money). Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has not pleaded sufficient facts to show that Defendant acted without authority of law.

### B. *Instigation of False Imprisonment*

Plaintiff's second claim for false imprisonment arises from her allegation that Defendant pressed charges against her for alleged theft. *See* Third Am. Compl. ¶ 5. In Texas, liability for false imprisonment extends to those who request or direct a detention. *Wal-Mart Stores, Inc.*, 92 S.W.3d at 507. The parties dispute the first and third elements of Plaintiff's instigation of false imprisonment claim. *See* Def. Home Depot U.S.A., Inc.'s Reply to Pl.'s Substituted Resp. to

---

[2] Without citing any authority, Plaintiff asserts that she was detained without authority of law because the dismissal of criminal charges against her evidences her innocence. Third Am. Compl. ¶ 12. This argument, however, is not persuasive. First, criminal charges may be dismissed for reasons other than actual innocence, which Defendant alleges is the case here. Second Mot. to Dismiss 7 n.1 (alleging that Plaintiff was not found to be innocent of the charges against her, but the court dismissed the case after Plaintiff participated in a theft awareness class, donated to a food bank, and paid restitution). Second, even if Plaintiff is innocent, this does not mean that Defendant did not have a common-law privilege to investigate reasonably credible allegations of employee dishonesty. *See Cuellar*, 2002 WL 471317, at *2.

Home Depot's Mot. to Dismiss Plaintiff's Third Am. Compl. & Jury Demand ("Reply") [ECF No. 29].

### (1) *Willful Detention*

False imprisonment's first element may be satisfied by conduct that is intended to cause one to be detained, and in fact causes the detention, even when the defendant does not participate in the detention. *Wal-Mart Stores, Inc.*, 92 S.W.3d at 507 (citation omitted). To prove instigation, a plaintiff must show that the defendant "clearly directed or requested the arrest." *Id.* (citation omitted). It must be the equivalent of, "Officer, arrest that man!" *Id.* (citation omitted). The act of arrest must be made by the officer, not of his or her own volition, but to carry out the defendant's request. *Id.* (citations omitted). "A private citizen who merely reports a crime and identifies the suspect to law enforcement authorities has not requested or directed the suspect's arrest, and will not be liable for instigating a subsequent false imprisonment." *Id.* (citation omitted). A third party will not be held liable for instigation unless the third party *knowingly* provides false information to the police resulting in arrest. *See id.* at 508-10 (citations omitted) (emphasis added).

Instigation of false imprisonment is subject to stringent standards because of important policy considerations—citizens should not be discouraged from reporting crimes. *See Charlie Thomas Chevrolet, Ltd. v. Martinez*, 590 S.W.3d 9, 16 (Tex. App. – Houston [1st Dist.] 2019) (citations omitted) ("The policy behind such stringent standards is to avoid discouraging the reporting of crimes."); *see also Wal-Mart Stores, Inc.*, 92 S.W.3d at 510 (citations omitted) ("All citizens have a clear legal right to report criminal misconduct to law enforcement authorities. In fact, the law encourages such communication."). This is true even if a plaintiff is eventually acquitted of the complained of offense. *See Sparkman v. Peoples Nat. Bank of Tyler*, 501 S.W.2d 739, 743 (Tex. App. – Tyler 1973) ("[E]ven though the plaintiff may be acquitted of the offense of which complainant accuses him, he still has no cause of action for false imprisonment."); *see*

*also Charlie Thomas Chevrolet, Ltd.*, 590 S.W.3d at 16 (quotation omitted) ("There is no guarantee in our society that only guilty persons will be accused and arrested.").

The Court finds that Plaintiff has failed to allege sufficient facts to establish the first element. Plaintiff has not alleged any facts to show that Defendant knowingly gave false information to the Richardson Police Department, or that Defendant requested or directed Plaintiff's arrest. Although Plaintiff provides a Warrant of Arrest and Detention stating that the complainant was "Brian Gardner of Home Depot," Resp., Ex. A., this does not support Plaintiff's position because it merely shows that Gardner *reported* Plaintiff to the police, not that he requested or directed the arrest, or knowingly gave false information to the police. *See Wal-Mart Stores, Inc.*, 92 S.W.3d at 510.

Finally, Plaintiff claims Defendant pressed charges even though Oatman purportedly told Plaintiff that she knew Plaintiff was innocent. Third. Am. Compl. ¶ 5. However, this allegation standing alone is not sufficient to demonstrate that Defendant knowingly provided false information to law enforcement. For example, Plaintiff does not allege when her purported conversation with Oatman took place and, therefore, it is not clear whether Oatman even knew about the alleged incident prior to Defendant allegedly calling the police. Nor does Plaintiff allege that Oatman was present when Gardner accused Plaintiff of theft, Oatman told anyone else at Home Depot that she believed Plaintiff was innocent, or Oatman knew about or viewed the video footage. To infer that Defendant knew Plaintiff was innocent based on Oatman's purported belief—when there is no indication that Oatman had a factual basis for that belief or shared that belief with anyone at Home Depot—would be an unwarranted factual inference. *See Ferrer*, 484 F.3d at 780 (citation omitted) (noting that courts do not accept unwarranted factual inferences as

true). Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has not alleged sufficient facts to establish the first element.

### (2)  *Without Authority of Law*

"It is a complete defense to an action for false imprisonment that the arrest or detention was by virtue of process, legally sufficient in form, and duly issued by a court or official having jurisdiction to issue it." *Najera v. United States*, 926 F.3d 140, 144 (5th Cir. 2019) (citing *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 248 (Tex. Civ. App. – Texarkana 1975, writ ref'd n.r.e.)); *see also Bailey v. Price*, No. 2:03-cv-457, 2006 WL 568233, at *12 (E.D. Tex. March 6, 2006) (citation omitted) ("When the plaintiff is arrested or detained by a warrant or subpoena, the arrest or detention is presumed to have been made with legal authority."). "A facially valid warrant is a defense to a claim of false imprisonment even if the events that led to its issuance were 'irregular, or void, or that the court did not have jurisdiction of the person of the defendant.'" *Najera*, 926 F.3d at 144 (citing *Pate v. Stevens*, 257 S.W.2d 763, 767 (Tex. Civ. App. – Texarkana 1953, writ dism'd)). Here, Plaintiff concedes that she was arrested pursuant to a warrant, Third Am. Compl. ¶ 5, she provides a copy of the warrant with her Response, Resp., Ex. A., and she does not dispute the warrant's validity. Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to allege sufficient facts to establish that Plaintiff's arrest was without authority of law.

Accordingly, even after accepting all well-pleaded factual allegations as true, and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has failed to state a false imprisonment claim.

### C.  *Leave to Replead*

Under Federal Rule of Civil Procedure 15, a "party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ." FED. R. CIV. PROC.

15(a)(1)(B). If not amended within 21 days, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. PROC. 15(a)(2). Plaintiff has not sought leave to replead. And Defendant asserts that Plaintiff should not be afforded another opportunity to replead. Second Mot. to Dismiss 10. The Court agrees.

Despite multiple opportunities to plead sufficient facts to state a false imprisonment claim, *see supra* Section I, Plaintiff has failed to do so. Even after the Court identified Plaintiff's pleading deficiencies in the Prior Opinion, Plaintiff did not address those deficiencies in the Third Amended Complaint. Plaintiff's factual assertions in the Third Amended Complaint are nearly identical to the factual assertions contained in the First Amended Complaint. The only variance between the factual allegations set forth in the two pleadings is the addition of several conclusory assertions. The persistent defects in Plaintiff's pleadings, coupled with the fact that Plaintiff did not substantively respond to the Second Motion to Dismiss or request leave to replead, leads the Court to conclude that Plaintiff has pleaded her best case.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint and Jury Demand [ECF No. 24]. Plaintiff's false imprisonment claims are dismissed with prejudice.

**SO ORDERED.**

SIGNED April 2, 2021.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**